JANET L. CHUBB, ESQ.
Nevada Bar # 176
LOUIS M. BUBALA III, ESQ.
Nevada Bar #8974
JONES VARGAS
100 W. Liberty St, 12th Floor
P.O. Box 281
Reno, NV 89504-0281
Telephone:  (775) 786-5000
Fax:  775-786-1177
Email:  jlc@jonesvargas.com
          tbw@jonesvargas.com
          lbubala@jonesvargas.com

Attorneys for Plaintiff
Household Bank (SB), N.A.

*Electronically Filed on:*
*January 18, 2006*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>MASAKO TAKAHASHI,<br><br>   Debtor. | Case No.   BK-S–04-21557-BAM<br>Chapter      7 |
| HOUSEHOLD BANK (SB), N.A.,<br><br>   Plaintiff,<br><br>vs<br><br>MASAKO TAKAHASHI,<br><br>   Defendant. | Adversary No.: 05-1042-BAM<br><br>**MOTION FOR DISCOVERY SANCTIONS**<br><br>Hearing date:   February 15, 2006<br>Hearing time:   9:30 a.m. |

Plaintiff HOUSEHOLD BANK (SB), N.A. ("Plaintiff"), by and through its attorneys, Jones Vargas, hereby respectfully submits this Motion for Discovery Sanctions. The motion is made pursuant to Federal Rule of Bankruptcy Procedure 7037, which incorporate Federal Rule of Civil Procedure 37, and is based upon the attached Memorandum of Points and Authorities, the attached affidavits and exhibits, the pleadings and papers on file herein, and any other material this Court may wish to consider.

1

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### I. Introduction

Plaintiff brings this motion because defendant Masako Takahashi ("Defendant") has vanished. Plaintiff has neither seen nor heard from Defendant since she filed an amended answer on June 3, 2005 (Ct. Dkt. #15). The U.S. Postal Service returned as unclaimed the interrogatories mailed to Defendant's address of record. A process server could not find Defendant at her address of record, and a neighbor said Defendant's apartment was vacant. Plaintiff has not received any response from interrogatories emailed to Defendant's interpreter and mailed to six other addresses associated with Defendant. The phone number Defendant listed on her pleadings now goes to an apartment complex that has never heard of Defendant.

Plaintiff is unable to conduct discovery due to Defendant's disappearance in violation of court rules. Plaintiff moves for sanctions under Rule 37(d) in the form of a default judgment or, alternatively, a stay of the trial and an order to compel.

### II. Background

Plaintiff's claim arises from Defendant's debt accumulated from 1993 to 2004 on her Saks Fifth Avenue revolving credit card account. Ex. 1, Rossi Declaration (originally filed in state action below). Plaintiff, a national bank, acquired Defendant's account in a larger purchase of accounts in 2003. *Id.* Plaintiff declared the account due when Defendant failed and refused to make minimum monthly payments. *Id.* On July 15, 2004, Plaintiff brought a state court action to collect the amount due. *Household Bank (SB), N.A. v. Takahashi*, Case No. BC318553 (Superior Court, Los Angeles County, California). Ex. 2, Request for Entry of Default (noting date complaint filed). On December 6, 2004, the court entered default judgment. Ex. 3, Judgment.

On November 15, 2004, Defendant filed for bankruptcy under Chapter 7. *See* Ct. Dkt. #1 in *In re Takahashi*, Case No. BK-S-04-21557-BAM (Bankr. D. Nev.). Schedule F lists Saks Fifth Avenue as an unsecured creditor owed $458,268.45. *Id.* On February 18, 2005, Plaintiff filed the complaint in this adversary proceeding to determine the nondischargeability of Defendant's debt pursuant to 11 U.S.C. § 523(a) (Ct. Dkt. #1). On April 19, 2005, defendant filed an answer *pro se* with the assistance of Shusuke Ogihara, who interpreted her answer from Japanese to English (Ct.

1 Dkt. #11). Defendant attended a hearing before this Court on May 31, 2005 (Ct Dkt. #16), and filed an amendment to her answer on June 3, 2005 (Ct. Dkt. #15).

Plaintiff has not been able to locate Defendant since then. On October 17, 2005, Plaintiff mailed interrogatories to Defendant via the U.S. Postal Service at her address of record, 575 Oakmont Place, #3001, Las Vegas, Nevada 89109. *See* Chubb Affidavit, filed concurrently with this motion. The interrogatories also were emailed to Defendant's interpreter. *Id.* On October 31, 2005, the Postal Service returned the interrogatories mailed to Defendant as unclaimed. Defendant's interpreter has not responded to Plaintiff's email. *Id.*

On November 11, 2005, a process server tried to personally serve Defendant with the interrogatories at her address of record. Ex. 4, Original Proof of Service. The server was unable to find Defendant, and a neighbor said Defendant's apartment was vacant. *Id.* On November 17, 2005, Plaintiff mailed the interrogatories to Defendant at six other addresses associated with her, as well as her address of record. *See* Chubb Affidavit, filed concurrently with this motion. To date, Plaintiff has not received any response.

On January 16, 2006, Plaintiff made a final attempt to reach Defendant and resolve this matter by calling the number listed on her pleadings, (702) 732-2124. *See* Bubala Affidavit, filed concurrently with this motion. The woman answering the phone said the number belongs to the Barclay Square Apartments' leasing office at 3535 Cambridge Street, Las Vegas, Nevada 89109. *Id.* The woman did not know Defendant, and said Defendant was not a tenant or employee. *Id.*

### III. Legal Argument

Due to Defendant's disappearance and failure to respond to Plaintiff's interrogatories, Plaintiff moves for default judgment under Rule 37(d). Alternatively, Plaintiff moves under Rule 37(d) for a stay of the trial scheduled for March 3, 6, and 7, 2006; an order under Rule 37(a) compelling Defendant to answer Plaintiff's interrogatories; and an order under Rules 16(f) and 37 warning Defendant that she may be sanctioned with default judgment if she fails to answer the interrogatories or appear in court. Plaintiff also moves for expenses under Rule 37.

3

**A.     Defendant Should be Sanctioned with Default Judgment**

**1. Sanctions for Failure to Answer Interrogatories Under Rule 37(d)**

A party receiving interrogatories shall answer them unless stating an objection. Fed. R. Civ. P. 33(b)(1). If a party fails to answer interrogatories, the court may sanction it with "just" orders. Fed. R. Civ. P. 37(d). Sanctions for failure to answer interrogatories do not require a prior order to compel discovery. *Id.*; *Sigliano v. Mendoza*, 642 F.2d 309, 310 (9th Cir. 1981). Congress specifically authorized courts to enter a default judgment or to stay proceedings.1  Fed. R. Civ. P. 37(d) (incorporating by reference sanctions authorized by Rule 37(b)(2)(C)).

Sanctions are appropriate for discovery violations in "extreme circumstances" when the violation is "due to willfulness, bad faith, or fault of the party." *Fair Housing v. Combs*, 285 F.3d 899, 905 (9th Cir. 2002) (citation omitted). To establish "willfulness, bad faith, or fault," the movant must show the disobedient party's conduct was not outside the party's control. *Id.* (citation omitted). The court should weigh five factors to determine whether default judgment is appropriate: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the [moving party]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Computer Task Group, Inc. v. Brotby*, 364 F.3d 1112, 1115 (9th Cir. 2004) (per curiam) (citation omitted).

**2. Default Judgment Is Appropriate Since Defendant Disappeared**

Plaintiff has repeatedly tried without success to serve Defendant with interrogatories. The Postal Service returned them as undeliverable, a process server could not find Defendant at her address of record, and a neighbor said Defendant's apartment was vacant. Plaintiff sent interrogatories to Defendant's interpreter and six other addresses associated with her, but Plaintiff still has not received answers from Defendant. Plaintiff tried calling Defendant, but her phone number has been reassigned to someone else. Defendant has disappeared without notice to the Court or Plaintiff. *See* Chubb and Bubala affidavits, filed concurrently with this motion.

Plaintiff's disappearance and failure to comply with discovery constitutes an extreme

---

1 Rule 37(d) also authorizes orders to prevent the party from supporting or opposing claims or defenses; to prevent the party from introducing designated matters in evidence; to strike pleadings; and to establish the matters in question.

4

1  circumstance that justifies a sanction in the form of default judgment. *Fair Housing*, 285 F.3d at 905. A party's location is within its control, and the failure to participate in discovery as a result of the party's disappearance constitutes "willfulness, bad faith, or fault of the party." For example, the Northern District of California found a plaintiff who could not be located had "demonstrated the requisite willfulness and fault" that justified the dismissal of his action pursuant to Rule 37(d). *Wright v. Maritime Overseas Corp.*, 96 F.R.D. 686, 687-88 (N.D. Cal. 1983). Defendant's failure to provide the Court or Plaintiff with notice of her whereabouts constitutes the "willfulness, bad faith, or fault" necessary for the Court to enter default judgment against her.

Default judgment also is appropriate based on the five factors stated by the Ninth Circuit in *Computer Task Group*. 364 F.3d at 1115. The first two factors--the public's interest in expeditious resolution of litigation, and the court's need to manage its docket--weigh heavily in favor of a default judgment. It is clear from Defendant's departure that she does not plan to defend herself. There is no reason to delay judgment or clutter the court's docket with this action when Defendant is not participating in it. *See United States v. Wilfley*, Case No. 92-0909-HA, 1997 WL 759581 (D. Or. Oct. 6, 1997) (default judgment on nondischargability when party failed to participate in discovery or to appear in court); *Monica v. Simpson* (*In re Simpson*), 229 B.R. 419, 421 (Bankr. W.D. Tenn. 1999) (same). Therefore, the first two factors favor default judgment.

The third factor--the risk of prejudice to the moving party--also favors default judgment. Defendant's disappearance has prevented Plaintiff from conducting discovery in the form of interrogatories, let alone deposing her or using the resulting information to conduct additional discovery. *See, e.g., McMullen v. Travelers Ins. Co.*, 278 F.2d 834, 835 (9th Cir. 1960) (per curiam) (failure to cooperate with discovery prevents party from "ascertaining the truth of the issue"). Plaintiff acknowledges that the fourth factor--public policy favoring disposition of cases on their merits--weighs against default judgment. Again, though, Defendant's disappearance has interfered with Plaintiff's ability to prosecute its case on the merits. Finally, the fifth factor-- availability of less drastic sanctions--favors default judgment. If the Court issues an order to compel discovery, it is unlikely it will reach Defendant since she no longer lives at her address of record. There is no less drastic sanction available since Defendant skipped town.

Taken as a whole, the factors favor the immediate resolution of this action due to Defendant's disappearance and failure to participate in discovery. Therefore, Plaintiff requests the court enter default judgment under Rule 37(d). Plaintiff also requests an award of expenses, including attorney's fees, under Rule 37(d).

### B.   Alternatively, Trial Should be Stayed In Order to Compel Discovery and Warn Defendant of Potential Default Judgment

If the Court does not believe default judgment is appropriate at this point, Plaintiff requests the Court stay the trial set to begin on March 3, 2006 (Ct. Dkt. #20). Fed. R. Civ. P. 37(d) (incorporating by reference stay authorized by Rule 37(b)(2)(C)). Plaintiff also moves for a concurrent order to compel Defendant to respond to the interrogatories pursuant to Rule 37(a). *Cf. Computer Task Group*, 364 F.3d at 1116 (citation omitted) (considering whether lesser sanctions were implemented prior to dismissal). Plaintiff requests the Court warn Defendant that failure to appear in court or respond to discovery may result in default judgment under Rules 16(f) and 37(d). *Id.* (considering whether offending party was warned of possible dismissal prior to dismissal); *see, e.g., Halpin v. Cummings*, Case No. 01-3188-MLB, 2005 WL 2099546, *2-3 (D. Kan. Aug. 29, 2005) (when counsel cannot locate defendant clients, ordering defendants to answer interrogatories with warning of potential default judgment). Finally, Plaintiff requests an award of expenses, including attorney's fees, under Rule 37(a)(4)(A).

///

///

///

### IV. Conclusion

Defendant has disappeared without notice to the Court or Plaintiff. Defendant's mail is returned by the Postal Service as unclaimed, and a neighbor told a process server that Defendant's apartment is vacant. Since Defendant is no longer at her address of record, Plaintiff tried in vain to serve its interrogatories on Defendant through her interpreter and six other addresses associated with her. Plaintiff seeks default judgment under Rule 37(d) as a sanction for Defendant's failure to participate in discovery. Alternatively, Plaintiff requests that the Court stay the trial, compel Defendant to respond to the interrogatories, and warn Defendant that her failure to appear or respond may result in default judgment.

DATED this 18th day of January, 2006.

JONES VARGAS

By:  \_\_\_\_\_//s// Janet L. Chubb\_\_\_\_\_
JANET L. CHUBB, ESQ., and
LOUIS M. BUBALA III, ESQ.

Attorneys for Plaintiff HOUSEHOLD BANK (SB), N.A.

JONES VARGAS
100 W. Liberty Street, 12th Floor
P.O. Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000   Fax: (775) 786-1177